**UNITED STATES of America**

**v.**

**Edward BONVENTRE, Defendant.**

**Crim. No. 92–530 (JBW).**

United States District Court,
E.D. New York.

June 21, 1993.

Zachary W. Carter, U.S. Atty., Brooklyn, NY, by Gordon Mehler, for Government.

David Otis Fuller, Jr., Baker, Nelson & Williams, New York, NY, for defendant.

### AMENDED SENTENCING MEMORANDUM AND ORDER

WEINSTEIN, Senior District Judge.

Defendant pled guilty to one count of accepting bribes from contractors to fraudulently induce insurance carriers to lower Workers' Compensation premiums. The specific statutory penalty is zero to five years in prison and a $1,000 fine. *See* 18 U.S.C. § 1341. A fine of $250,000 for this felony is permitted. *See* 18 U.S.C. § 3571(b)(3).

Defendant, for many years, has regularly accepted substantial bribes in the building industry for falsifications leading to reduced insurance premiums. He was a trusted employee with the title of Insurance Rating Board Inspector.

Except for this criminal conduct, defendant has led an estimable private, familial and charitable life. He has a good war record as a member of the armed services. His health is poor; he suffers from circulatory disease and diabetes. He has assets of over $800,000; these assets were legally obtained through inheritance and other non-criminal means.

By a plea agreement letter, the government promised not to seek an upward departure, but the court's power to depart upward remains unimpaired. The Guideline offense level is 4, permitting a term of zero to six months in prison and a maximum fine of $5,000. *See* Guideline § 5E1.2(c)(3).

Because of defendant's poor health and the fact that he will probably never again have a position of trust, specific deterrence or incapacitation is not required. General deterrence must here be the primary consideration in sentencing.

The government's contention, as embodied in the presentence report, is that this defendant over many years took substantial bribes. A number of witnesses were available to testify at a *Fatico* hearing about individual instances of bribery, but the government was unable to calculate the total amount. It declined the court's invitation to seek substantial restitution. Neither party requested a factual hearing. In the absence of a *Fatico* hearing, the court did not believe it desirable to order restitution on its own motion over the opposition of the defendant.

The Guideline maximum fine of $5000 in a case like this, in this District, at this time, with this defendant, verges on the absurd. The defendant is well-to-do and capable of paying a very large fine. His crimes seem to have been motivated simply by greed. They helped destroy the confidence our citizens are entitled to feel in the honesty and impartiality of those who serve in a quasi-official capacity. The defendant has betrayed a trust under the most tawdry of circumstances.

An upward departure is warranted when "there exists an aggravating ... circum-

stance ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines ..." 18 U.S.C. § 3553(b). *See United States v. Concepcion,* 795 F.Supp. 1262, 1282 (E.D.N.Y.1992). Where, as here, general deterrence is the overriding purpose of the sentence, the guideline limits do not apply. *Id.*

The court takes judicial notice, based on cases tried in this court, that bribery, kickbacks and corruption in the building industry in New York City is widespread, resulting in hundreds of millions of dollars in excess costs. A fine of $5,000 would be unacceptable.

Given the circumstances, a fine of $250,000 is the minimum required for general deterrence. Only a fine of this magnitude can provide notice to the corrupt that the law will not condone serious criminal conduct of this kind. A fine of anything less than $250,000 would denigrate the law.

Defendant has already served six months probation under home detention. He was permitted to leave home only to seek medical attention and to attend religious services. Defendant is sentenced to time served. In view of his poor health, community service is not imposed. A $50 assessment and a fine of $250,000 are levied.

SO ORDERED.